# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALEJANDRO BAUTISTA,**
**ALIEN # A34-041-054,**

    Petitioner,

vs.                                    Case No. 4:07cv216-SPM/WCS

**DEPARTMENT OF**
**HOMELAND SECURITY,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This case was initiated on May 15, 2007, doc. 1, with the filing of a document entitled, "Petitioner's Notice of Appeal the Department of Homeland Security Deportation."  Doc. 1.  Petitioner simultaneously filed a motion seeking leave to proceed *in forma pauperis*.  Doc. 2.  That motion has been granted in a separate order entered this day.

    Petitioner is a native and citizen of the Dominican Republic.  Doc. 1, p. 5. Petitioner was admitted to the United States as a lawful permanent resident on May 12, 1977.  *Id.*  In May of 2003, Petitioner "applied for admission as a Returning Lawful permanent resident at the Miami, Florida International Airport."  *Id.*, at 5.  It is unknown when Petitioner left the United States or for how long.  Nevertheless, it appears that

Petitioner was placed in removal proceedings in 2004, presumably due to his alleged criminal history. *Id.* Although not entirely clear, Petitioner indicates that his application for a waiver of inadmissibility was granted by the Immigration Judge (IJ), but then appealed by the Secretary of the Department of Homeland Security. *Id.*, at 6. The Board of Immigration Appeals (BIA) then, apparently, remanded the case and vacated the IJ's decision. *Id.* It is unclear when a final order was entered, but it appears that Petitioner was "deported" sometime after December of 2006 as Petitioner argues that the Immigration Judge "did not follow the BIA recommendation on the Dec. 11, 2006 hearing." *Id.*, at 2.

It further appears, though not entirely clear, that Petitioner is challenging either the decision from the BOA or the IJ's decision. Presumably, Petitioner is raising a question of law as to whether or not it was correctly decided that he has a criminal "conviction" for purposes of determining his admissibility under Immigration law.

Petitioner is not simply contesting a period of indefinite detention under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), but rather, he is challenging the removal proceedings themselves. This Court does not have jurisdiction over such an action as 8 U.S.C. § 1252(a)(2)(C) provides: "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." Indeed, the decision as to whether or not to grant or deny a request for waiver of inadmissibility is a discretionary decision of the

United States Attorney General of the Secretary of Homeland Security, which is not within the jurisdiction of this Court to review. 8 U.S.C. § 1182(c).[1]

Although this Court does not have jurisdiction to consider Petitioner's appeal, 8 U.S.C. § 1252(a)(2)(c), such review (to the degree any review is possible) can be obtained only in the Court of Appeals. See Balogun v. U.S. Atty. Gen., 425 F.3d 1356, 1359 (11th Cir. 2005) (noting the REAL ID Act loosened the jurisdictional restraints of § 1252(a)(2)(c)); see also Arias v. U.S. Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007). The REAL ID Act now permits an alien who claims legal error in a final order of removal to petition the courts of appeals for review. Balogun, 425 F.3d at 1360. The courts of appeal have exclusive jurisdiction to undertake judicial review. 8 U.S.C. § 1252(a)(5).

The REAL ID Act[2] includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative

---

[1] If an alien violates any law relating to a controlled substance, the alien is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and (a)(2)(C) . . . . Under former INA § 212(c), 8 U.S.C. § 1182(c) (1996), however, legal permanent residents . . . who (1) were inadmissible under the above-listed sections, (2) temporarily traveled abroad voluntarily, and (3) were returning to a lawful, unrelinquished domicile of at least seven years, could be admitted into the United States in the Attorney General's discretion under a waiver of inadmissibility. Even though § 212(c) has been repealed, the Supreme Court held " § 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 2293, 150 L.Ed.2d 347 (2001).

Arias v. U.S. Atty. Gen., 482 F.3d at 1283, n.1.

[2] The REAL ID Act of 2005, which amended 8 U.S.C. § 1252(a)(2)(D), gives the courts of appeals jurisdiction to decide questions of law and certain constitutional claims. Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359 (11th Cir. 2005), *cert. denied*, --- U.S. ----, 126 S.Ct. 1920, 164 L.Ed.2d 665 (2006), *cited in* Arias v. U.S. Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007).

order of removal . . . ."  REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).  Therefore, pursuant to the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), this case need not be dismissed but may, instead, be transferred to the Eleventh Circuit Court of Appeal.

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241 petition, doc. 1, filed by Petitioner Alejandro Bautista be **TRANSFERRED** to the Eleventh Circuit Court of Appeals pursuant to REAL ID Act of 2005, 8 U.S.C. § 1252.

**IN CHAMBERS** at Tallahassee, Florida, on July 11, 2007.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**